UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AFZA ANJUM, JANET TERRANA, VERONICA MONAHAN and CAMILLE FOREST, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>J.C. PENNEY COMPANY, INC.,<br>J.C. PENNEY CORPORATION, INC.,<br><br>Defendants. | Index No.:<br><br>**COMPLAINT**<br><br>**JURT TRIAL DEMANDED** |

Plaintiffs ("Plaintiffs"), on behalf of themselves and all other similarly situated persons, by and through their undersigned counsel, allege upon personal knowledge as to themselves and upon information and belief as to other matters (which is based on, among other things, their experiences at Defendants' retail stores, review of Defendants' records, conversations with Defendants' employees and investigation of their counsel), as follows:

## NATURE OF ACTION

1. Plaintiffs bring this action on behalf of themselves and all other similarly situated current and former hourly paid sales associates ("sales associates" or "employees") of the holding company, J.C. Penney Company, Inc. (the "Company"), and its principal and sole operating subsidiary J.C. Penney Corporation, Inc. (collectively as "JCP" or "Defendants"). The Defendants in this action, by virtue of their management and control over the wages and work of JCP sales associates, are "employers" under applicable labor law.

2. JCP owns and operates a national chain of retail department stores with approximately 1,100 stores nationwide with over 159,000 employees as of January 28, 2012. As

of that date, Defendants owned and operated approximately 43 stores in the state of New York. As particularized below, Defendants have engaged and continue to engage in illegal and improper wage practices that have deprived sales associates of millions of dollars in wages and overtime compensation. These practices include: (a) configuring the time clocks in JCP's stores to round down and artificially reduce the amount of time employees perform work at the Defendants' stores and thereby deprive employees of wages and overtime compensation to which they are entitled by law; (b) configuring the time clocks in JCP's stores to automatically deduct time for lunch from employee paychecks when employees are engaged in work on the Defendants' behalf, thereby depriving employees of wages and overtime compensation to which they are entitled by law; and (c) improperly placing the burden on employees to take affirmative steps to obtain compensation for work performed during their lunch breaks that Defendants requested and had knowledge of. These illegal practices and policies are uniform throughout JCP's stores and have been known to the Defendants for years. For these reasons, Plaintiffs bring this action on behalf of themselves and other sales associates of JCP to recover unpaid wages, overtime compensation, damages, injunctive and other equitable relief and reasonable attorneys' fees and costs under the Fair Labor Standards Act (the "FLSA") §§ 201, *et. Seq.*, and under McKinney's Labor Law (the "NYLL"), §§ 190, *et. seq.*, §§ 650, *et seq.*, and 12 NYCRR § 142-2.2.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, the FLSA, 29 U.S.C. §216(b).

4.      This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act ("CAFA") 28 U.S.C. 1332(d). This is a putative class action in which: (a)

there are 100 or more members in the proposed class under New York law; (b) at least some members of the proposed class have a different citizenship from the Defendants; and (c) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

5. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the New York state law wage and hour claims because those claims derive from a common nucleus of operative fact.

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

## THE PARTIES

### Plaintiffs

7. Plaintiff, Afza Anjum, is a resident of Staten Island, New York. Ms. Anjum was employed by JCP on a full-time basis in store number 2463 located at 140 Marsh Avenue, Staten Island, New York, 10314, from September 13, 2003 until November 8, 2012 as a sales associate and paid an hourly rate of approximately $10.65. Throughout Ms. Anjum's employment at JCP, she was asked to and did work before her shift was scheduled to begin, work during some or all of her lunch breaks, and work after her shift was scheduled to end. However, because of Defendants' improper rounding policies and automatic deductions for lunch breaks as described more fully below, Ms. Anjum was deprived of wages as required by the FLSA and New York state labor law. During any given week, Ms. Anjum worked approximately 2 hours of uncompensated straight time and 3.5 hours of uncompensated overtime.

8. Plaintiff, Janet Terrana, is a resident of Staten Island, New York. Ms. Terrana was employed by JCP on a part-time basis in store number 2463 located at 140 Marsh Avenue, Staten Island, New York, 10314, from in or around October 2007 until October 2012 as a sales

3

associate and paid an hourly rate of approximately $10.12. Throughout Ms. Terrana's employment at JCP, she was asked to and did work before her shift was scheduled to begin, work during some or all of her lunch breaks, and work after her shift was scheduled to end. However, because of Defendants' improper rounding policies and automatic deductions for lunch breaks as described more fully below, Ms. Terrana was deprived of wages as required by the New York state labor law. During any given week, Ms. Terrana worked approximately 2 hours of uncompensated straight time.

9. Plaintiff, Veronica Monahan, is a resident of Staten Island, New York. Ms. Monahan was employed by JCP on a part-time basis in store number 2463 located at 140 Marsh Avenue, Staten Island, New York, 10314, from in or around November 2011 until December 2011 as a sales associate and paid an hourly rate of approximately $8.25. Throughout Ms. Monahan's employment at JCP, she was asked to and did work before her shift was scheduled to begin, work during some or all of her lunch breaks, and work after her shift was scheduled to end. However, because of Defendants' improper rounding policies and automatic deductions for lunch breaks as described more fully below, Ms. Monahan was deprived of wages as required by the New York state labor law. During any given week, Ms. Monahan worked approximately 2.5 hours of uncompensated straight time.

10. Plaintiff, Camille Forest, is a resident of Staten Island, New York. Ms. Forest was employed by JCP on a part-time basis in store number 2463 located at 140 Marsh Avenue, Staten Island, New York, 10314, from in or around November 2007 until May 2012 as a sales associate and paid an hourly rate of approximately $10.12. Throughout Ms. Forest's employment at JCP, she was asked to and did work before her shift was scheduled to begin, work during some or all of her lunch breaks, and work after her shift was scheduled to end.

4

However, because of Defendants' improper rounding policies and automatic deductions for lunch breaks as described more fully below, Ms. Forest was deprived of wages as required by the New York state labor law. During any given week, Ms. Forest worked approximately 2 hours of uncompensated straight time.

**Defendants**

11. J.C. Penney Company, Inc. is a holding company whose principal operating subsidiary is J.C. Penney Corporation, Inc. The Company has no independent assets or operations and no direct subsidiaries other than JCP.

12. The Defendants operate a chain of retail department stores publically traded on the New York Stock Exchange under the symbol "JCP". Defendants have over 159,000 employees, approximately 1,100 stores nationwide with roughly 43 stores in New York and had net sales in excess of $17 billion for the fiscal year ended December 31, 2011. JCP's business consists of selling merchandise and services to consumers through their department stores, catalogue and internet website at jcp.com.

13. Both the Company and JCP are incorporated under the laws of Delaware and are headquartered in Plano, Texas.

14. The Company and JCP are related organizations through, for example, common membership, governing bodies, trustees and/or officers and benefit plans.

15. The wage and hour and all related employee compensation policies of Defendants are and were centrally and collectively dictated, controlled, and ratified.

16. Defendants had the power to control JCP's wage policies and practices through their oversight of day-to-day operating procedures, control over employee work schedules, ability to determine employees' rate of pay, and ability to control JCP's record keeping practices.

17. Defendants share common management and have common ownership.

18. As such, the Company and JCP are the "employer" – single, joint or otherwise – of Plaintiffs and class members within the meaning of the FLSA and New York state labor law.

## FACTUAL ALLEGATIONS

### Background

19. JCP has hundreds, if not thousands of hourly paid sales associates. Each sales associate is assigned to a specific department within each store location, including but not limited to: (a) the catalogue department; (b) the bed & bath department; (c) the housewares department; (d) the shoe department; (e) the jewelry department; (f) children's clothing and accessories; (g) men's clothing and accessories; and (h) women's clothing and accessories.

20. Each JCP location has a department supervisor, responsible for overseeing the work of the sales associates in each particular department; a department manager, responsible for overseeing the general operability of each department; and an assistant store manager and store manager who are responsible for the day-to-day operations of the entire store. Department supervisors, department managers, assistant store managers and store managers and others with executive positions, who are paid fixed salaries, are not members of the classes that Plaintiffs seek to represent in this action.

21. JCP hired Plaintiffs and promised to pay hourly wages for their work. On average, full-time employees are paid between minimum wage and $11.00 per hour and have a standard work week of approximately 35 to 38 hours. Part-time employees are paid, on average, between minimum wage and $11.00 per hour and have a standard work week of approximately 20 to 24 hours.

22. Each full-time employee is entitled to a daily unpaid lunch break of one hour.

6

23. Employees are required to clock in when they arrive at work, clock out when they go to lunch, clock in when they return from lunch and clock out when they leave for the day. The time-keeping system and the procedures for using it are the same at each JCP store. The system requires employees to input a seven digit code to clock in and clock out.

**JCP's Time-Keeping System Is Configured to Deprive Employees of Compensation When They Perform Services on the Defendant's Behalf**

24. JCP's employees are regularly required to perform services before they are scheduled to begin work and/or after their shift is scheduled to end. These directives typically come from managers and supervisors who instruct employees to begin or complete tasks when they are not scheduled to be working. For example, it is common for employees to stay two hours after their shift has ended in order to clean and close the store. Defendants also required employees to work during lunch if a manager, supervisor or customer requested assistance or if a co-worker did not return from a lunch break.

25. Although they request and are aware of the extra work employees perform, Defendants have knowingly configured JCP's time-keeping system to deny compensating employees for some – if not all – of this time spent on the Company's behalf. Specifically, while the time-keeping system records an employee's "in" and "out" time in minutes, it "totals" the employee's time in quantifiable increments and then systematically rounds down the employee's "total" time worked. This rounding policy consistently and artificially reduces the total time employees are credited with working at the Company, sometimes by 20 or more minutes per day.

26. Plaintiffs and other JCP employees do not have access to their time reports that reflect these huge discrepancies and time shaving practices. Thus, most JCP employees are unaware that Defendants have failed to compensate them for work performed before and after shifts and during lunch breaks.

27. Defendants have further configured the time-keeping system to deduct an hour for lunch even when employees were working in the store and did not clock out.

28. Defendants do not ensure that Plaintiffs and the class members are completely relieved of their work duties during their uncompensated lunch breaks.

29. Plaintiffs and class members are routinely not completely relieved of their job duties during their uncompensated lunch breaks.

30. Plaintiffs and class members routinely are required to stay at their duty post during their uncompensated lunch breaks.

31. Defendants do not prohibit Plaintiffs and class members from working during their lunch breaks and routinely suffer or permit Plaintiffs and class members to perform such work.

32. Defendants routinely fail to ensure that unauthorized work is not being performed during employee lunch breaks.

33. Defendants also improperly shift the burden on JCP employees to take affirmative steps to obtain compensation for work performed during their lunch breaks.

34. Even though Defendants know that Plaintiffs and class members are working during lunch breaks, Defendants fail to compensate Plaintiffs and class members for their work, electing to accept the benefits of Plaintiffs' and class members' uncompensated work.

**FAIR LABOR STANDARDS ACT COLLECTIVE ACTION ALLEGATIONS**

35. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

8

36. Plaintiff, Afza Anjum, brings this FLSA collective action on behalf of herself and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, on behalf of:

> All hourly paid sales associates who worked in a JCP store in the state of New York, who are or were employed within the three years preceding the filing of this action by Defendants who were: (a) not compensated for all work performed while clocked-in; (b) were not compensated for all work performed while off-the-clock; and (c) were not compensated for time worked over forty hours per week at overtime rates (the "FLSA Collective Class").

37. Excluded from the FLSA Collective Class are Defendants, their legal representatives, officers, directors, assigns, and successors, or any individual who has or had a controlling interest in the Company or JCP. Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the FLSA Collective Class.

38. Plaintiff is unable to state the exact number of the class without discovery of Defendants' books and records but estimates the class to exceed several hundred if not thousands of individuals.

39. Defendants required Plaintiff and the FLSA Collective Class members to work during required meal periods and to perform work on-the-clock and/or off-the-clock for which they were not fully compensated. Defendants also failed to pay Plaintiff and members of the FLSA Collective Class time and one half their regular rate of pay for hours worked beyond forty hours in a workweek.

40. Defendants' unlawful conduct has been widespread, repeated and consistent.

41. Defendants' conduct was willful and in bad faith and has caused significant damages to Plaintiff and the FLSA Collective Class.

42. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective Class, and, as such, notice should be sent out to the FLSA Collective Class. There are numerous similarly situated, current and former employees of Defendants who have been denied wages in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the action. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## NEW YORK CLASS ACTION ALLEGATIONS

43. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

44. Plaintiffs Afza Anjum, Janet Terrana, Veronica Monahan and Camille Forest bring this action on their own behalf and as a class action pursuant to Article 9 of New York Civil Practice Law and Rules on behalf of a Class consisting of:

> All hourly paid sales associates who worked in a JCP store in the state of New York, who are or were employed within the six years preceding the filing of this action by Defendants who were: (a) not compensated for all work performed while clocked-in; (b) were not compensated for all work performed while off-the-clock; and (c) were not compensated for time worked over forty hours per week at overtime rates (the "New York Class").

45. Excluded from the New York Class are Defendants, their legal representatives, officers, directors, assigns, and successors, or any individual who has or had a controlling interest in the Company or JCP. Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the New York Class.

46. As of January 28, 2012, JCP operated 43 stores in New York State. In addition, Defendants employed hundreds of hourly-wage employees at its New York based department

10

stores and systematically failed and refused to pay them for all compensable hours worked. The members of the New York Class are so numerous that joinder of all members in one proceeding is impracticable.

47. Plaintiffs' claims are typical of the claims of other New York Class members because they were hourly-wage employees who were not compensated for work performed at the employer's request before and after shift times and during meal periods. The Plaintiffs and other New York Class members have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. The Plaintiffs and other New York Class members have been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

48. Plaintiffs will fairly and adequately protect the interests of the New York Class. Plaintiffs have retained counsel competent and experienced in complex class action and wage and hour litigation. There is no conflict between the Plaintiffs and the New York Class.

49. Common questions of law and fact exist as to the New York Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

    (a) Whether Defendants failed and/or refused to pay Plaintiffs and the New York Class for off-the-clock time spent working in violation of New York Law;

    (b) Whether Defendants failed and/or refused to pay Plaintiffs and the New York Class for all of the compensable time that they worked for Defendants while clocked-in;

    (c) Whether Defendants failed to keep true and accurate time records for all

11

hours worked by their employees as required by New York Labor Law §§ 190 *et seq.* and 650 *et seq.*;

(d) Whether Defendants correctly compensated members of the New York Class for hours worked in excess of forty per workweek;

(e) Whether Defendants failed to comply with the posting and notice requirements of the NYLL;

(f) Whether Defendants engaged in a pattern and/or practice in New York of forcing, coercing, and/or permitting Plaintiffs and New York Class members to perform work for Defendants' benefit which was not compensated;

(g) Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(h) The nature and extent of class-wide injury and the measure of damages for those injuries.

50. Class action treatment is superior to any alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would entail. Individual class members' damages are inadequate to justify the costs of prosecuting their claims in any manner other than a class action. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Members of the New York Class are readily identifiable from Defendants' own

records.

51. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual members of the New York Class that would establish incompatible standards of conduct for Defendants.

52. Without a class action, Defendants will retain the benefit of their wrongdoing and will continue a course of action that will result in further damages to Plaintiffs and the New York Class.

53. Plaintiffs intend to send notice to all members of the New York Class to the extent required by New York C.P.L.R. § 904.

## DEFENDANTS' EMPLOYMENT PRACTICES

54. At all times relevant hereto, Defendants have had a consistent policy of: (a) requiring Plaintiffs and the members of the FLSA Collective Class and New York Class to perform off-the-clock work for which they were not compensated; (b) willfully failing to pay compensation owed in a prompt and timely manner to Plaintiffs and members of the FLSA Collective Class and New York Class; (c) placing the burden on employees to seek and obtain fair and appropriate compensation for their time and efforts; and (d) willfully failing to adequately and accurately record the full compensable hours worked by Plaintiffs and members of the FLSA Collective Class and New York Class.

55. Defendants consistently have refused or failed to pay Plaintiffs and the members of the FLSA Collective Class and New York Class for all time worked.

56. Despite their knowledge that time spent by Plaintiffs and the members of the FLSA Collective Class and New York Class was compensable time under the FLSA and New York law, Defendants willfully refused to compensate the affected workers for all of this time.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
(On Behalf of Plaintiff, Afza Anjum and the FLSA Collective Class)

57. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

58. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ, employees, including Plaintiff and each of the members of the FLSA Collective Class.

59. Plaintiff consents in writing to be a part of this action pursuant to FLSA, 29 U.S.C. § 216(b), and attached hereto as exhibit A is a copy of Plaintiff's Opt-in form. As this case proceeds, it is likely that other individuals will sign consent forms and join as Plaintiffs.

60. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

61. The FLSA also requires each covered employer to pay the minimum wage for all hours worked.

62. Plaintiff and the members of the FLSA Collective Action were and are entitled to be paid minimum wage and overtime compensation for all hours worked.

63. Defendants, pursuant to their policies and practices, failed and refused to pay minimum wage and overtime premiums to Plaintiff and the members of the FLSA Collective Class for all of their hours worked.

64. By failing to compensate Plaintiff and the members of the FLSA Collective Class

for minimum wage and overtime compensation, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. § 201, *et seq*.

65. By improperly rounding FLSA Collective Class time entries, Defendants have violated Department of Labor Regulation 29 C.F.R. § 785.48(b).

66. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

67. Plaintiff, on behalf of herself and the FLSA Collective Class, seeks damages in the amount of their unpaid wages and overtime compensation, interest, and such other legal and equitable relief as the Court deems just and proper.

68. Plaintiff, on behalf of herself and the FLSA Collective Class, seeks recovery of attorney's fees and costs, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION

**Violations of New York Labor Law – Nonpayment of Straight Wages
§§ 190 *et seq.* and 650 *et seq.* and 12 NYCRR 142-2.1 and 142-2.2
(On Behalf of Plaintiffs, Afza Anjum, Janet Terrana, Veronica Monahan and
Camille Forest and the New York Class)**

69. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

70. Pursuant to New York Labor Law §§ 190, 191, 193, 198 and 652, Defendants have willfully failed to pay the straight wages due as set forth in the preceding paragraphs of this Complaint to Plaintiffs and the New York Class in violation of New York Labor Law §§ 190, 191, 193, 198 and 652 and 12 N.Y.C.R.R. 142-2.1 and 142-2.2.

71. Defendants were not and are not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of the Plaintiffs' and the New

York Class' wages that concern this lawsuit.

72. Defendants were not authorized by Plaintiffs or any New York Class members to withhold, divert or deduct any portion of her or their unpaid wages which are the subject of this lawsuit.

73. Pursuant to New York Labor Law § 198, employers such as Defendants who intentionally fail to pay an employee wages in conformance with New York Labor Law shall be liable to the employee for the wages or expenses that were intentionally not paid, and court costs and attorneys' fees incurred in recovering the unpaid wages.

74. Defendants have violated the New York Labor Law by failing to pay Plaintiffs and the members of the New York Class for all compensable time and by failing to pay Plaintiffs and the members of the New York Class for the straight time worked at the established rate.

75. Plaintiffs, on behalf of themselves and the New York Class, seek the amount of underpayments based on Defendants failure to pay straight wages of at least the minimum wage for all hours worked, as provided by the New York Labor Law, and such other legal and equitable relief as the Court deems just and proper.

76. Plaintiffs do not seek liquidated damages under the NYLL on behalf of the New York Class but reserves their right to do so.

### THIRD CAUSE OF ACTION

**New York Labor Law – Unpaid Overtime**
**(On Behalf of the New York Class)**

77. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

78. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations 12 N.Y.C.R.R. 142-2.1 and 142-2.2 apply to Defendants and protect Plaintiffs and

the members of the New York Class.

79. Defendants have failed to pay Plaintiffs and members of the New York Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

80. By Defendants' knowing and/or intentional failure to pay Plaintiffs and the members of the New York Class overtime wages for hours worked in excess of forty hours per week, they have willfully violated NYLL Article 19, §§ 650 *et. seq.*, and the supporting New York State Department of Labor Regulations.

81. Due to Defendants' violations of the NYLL, Plaintiffs and the members of the New York Class are entitled to recover from the Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

82. Plaintiffs do not seek liquidated damages under the NYLL on behalf of the members of the New York Class but reserves their right to do so.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Afza Anjum, individually and on behalf of the FLSA Collective Class, seeks the following relief:

A. Designation of this action as a collective action on behalf of the FLSA Collective Class (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Plaintiff Consent Forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff Afza Anjum as the Representative of the FLSA Collective Class;

C. Appointment of Plaintiff's counsel as Lead Counsel for the FLSA Collective Class;

D. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

E. An award of damages, according to proof, including but not limited to unpaid wages and lost benefits, to be paid by the Defendants;

F. An award of costs incurred herein, including expert fees;

G. An award of attorneys' fees pursuant to 29 U.S.C. § 216;

H. An award of pre-judgment and post judgment interest, as provided by law; and

I. All such other relief as this Court shall deem just and proper.

**WHEREFORE**, Plaintiffs, Afza Anjum, Janet Terrana, Veronica Monahan and Camille Forest individually and on behalf of the New York Class, seek the following relief:

A. Certification of this action as a class action under Rule 23 and the appointment of Plaintiffs as the representative of the New York Class and Plaintiffs' counsel as Lead Counsel for the New York Class;

B. On the Second Cause of Action (Violation of New York Labor Law – Nonpayment of Straight Wages):

1. An award to Plaintiffs and members of the New York Class of damages for the amount of unpaid straight wages in addition to interest subject to proof;

2. An award to Plaintiffs and the members of the New York Class of reasonable attorneys' fees and costs pursuant to New York Labor Law;

C. On the Third Cause of Action (Violation of New York Labor Law – Unpaid Overtime):

1. An award to Plaintiffs and class members of damages for the amount of unpaid overtime, in addition to interest subject to proof; and

2. An award to Plaintiffs and class members of reasonable attorneys' fees and costs pursuant to New York Labor Law.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues so triable.

Dated: New York, New York
January 22, 2013

*[signature]*

Lee S. Shalov (LS-7118)
Brett Gallaway (BG-8585)
McLAUGHLIN & STERN, LLP
260 Madison Ave.
New York, NY 10016
Telephone: (212) 448-1100
lshalov@mclaughlinstern.com

Louis Ginsberg, Esq. (LG-1048)
Matthew Cohen, Esq. (MC-2595)
LAW FIRM OF LOUIS GINSBERG, P.C.
1613 Northern Blvd.
Roslyn, New York 11576
Telephone: (516) 625-0105 X.13
lg@louisginsberglawoffices.com

*Attorneys for Plaintiffs, the FLSA Collective Class and the New York Class*