# BRESSLER, AMERY & ROSS

## A PROFESSIONAL CORPORATION

P.O. Box 1980  ▪  Morristown, NJ 07962

Hand Delivery:

325 Columbia Turnpike  ▪  Suite 301  ▪  Florham Park, NJ 07932

973.514.1200  ▪  fax 973.514.1660

www.bressler.com

Tracey Salmon-Smith
Principal

direct:  973-660-4422
tsmith@bressler.com

March 19, 2015

**VIA ECF**
**WITH COURTESY COPY TO COURT**

Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

> **Re:    Anjum, et al. v. J.C. Penney Company, Inc., et al.**
>           **Civil Action No. 13-cv-00460 (RJD)(RER)**

Dear Magistrate Judge Reyes:

This firm represents Defendants J.C. Penney Company, Inc. and J.C. Penney Corporation, Inc. (collectively, "JCP"). I write to request a conference with Your Honor to resolve the issue of whether all opt-in parties are required to respond to interrogatories propounded by JCP. Counsel for the parties have conferred in good faith in an effort to resolve this discovery dispute, in conformity with Fed. R. Civ. P. 37(a)(1), but have been unable to resolve this issue. Given that the discovery deadline is quickly approaching, JCP, therefore, respectfully requests a conference on this issue.

On January 26, 2015, JCP served  Defendants' First Set of Interrogatories directed to each of the 52 opt-in parties.  Subsequently, counsel discovered a typographical error in the numbering of the discovery requests and on January 29, 2015 re-served a corrected set of interrogatories. (As an example, a true and accurate copy of Defendants' First Set of Interrogatories Directed to Opt-in Party Alex Anthony Morales is attached hereto as Exhibit A). Brett Gallaway, Esq., counsel for plaintiffs, responded by letter dated February 4, 2015, requesting that JCP limit the number of interrogatories and the number of opt-in parties who would be required to respond.  (A true and accurate copy of the February 4, 2015 letter is attached hereto as Exhibit B).

Counsel for the parties met and conferred about the opt-in discovery via telephone on February 10, 2015.  I agreed to review the number of interrogatories, and subparts, propounded. However, during the call plaintiffs' counsel suggested that only 8-10 randomly selected opt-in

BRESSLER, AMERY & ROSS

A PROFESSIONAL CORPORATION

March 19, 2015
Page 2

parties should be required to respond to the interrogatories.  I disagreed but consented to confer with my client on the issue.

While disagreeing with the substance of Plaintiffs' counsel's arguments, but in a good faith effort to resolve the discovery dispute, JCP served by letter dated February 26, 2015, interrogatories directed to opt-in parties which had been revised to reduce the number of interrogatories and subpart.  JCP stated, however, that it would not limit the number of opt-in parties served. (A true and accurate copy of the February 26, 2015 letter and revised interrogatories are attached hereto as Exhibit C).  As the facts and circumstances surrounding meal breaks vary substantially from associate to associate and warrant individualized inquiry, JCP explained that the discovery sought from the 52 opt-in parties is directly relevant to the claims and defenses in this matter. JCP further explained that written discovery is the least expensive method of obtaining the necessary information and that responding to these requests will not produce any unusual or extraordinary burden to any individual opt-in party.

Counsel for the plaintiffs responded by e-mail, dated March 9, 2015, stating, "[a]t this time, we will not agree to respond to your request for responses from all opt-ins without an order from the Court."  Counsel provided no further legal support for their unwavering position.

Notably, all of the cases cited by counsel in his February 4, 2015 letter are irrelevant to the discovery issue here, are misconstrued by counsel or are not binding on this Court.  For example, in Reich v. Southern New England Telecommunications Corp., 121 F.3d 58, 61-62 (2d Cir. 1997), the court affirmed an overtime award on behalf of approximately 1,500 workers based upon the testimony of 2.6% of the class (39 workers).  Reich, however, does not concern a pre-trial discovery dispute; rather, the Reich court addressed whether the Secretary of Labor, by using the testimony of 39 workers, met his prima facie burden to show that the workers were entitled to back pay. Id. at 69.  Hence, the court simply approved the use of sampling for trial testimony, which is a premature issue here. Id. at 67. Cf. Perez v. Am. Future Sys., Civ. No. 12-6171, 2013 U.S. Dist. Lexis 151324 (E.D. Pa. Oct. 21, 2013) (declining to limit employee representatives prior to the pre-trial stage as such a decision would be "premature" and without "a careful review of evidence" not yet present).

Additionally, unlike the case at bar, the Reich Court did not need to be concerned that limiting the testimony of the opt-in plaintiffs would preclude an individualized analysis.  Such concern was absent because all affected employees were "similarly situated":

> Ultimately, we are untroubled by the quantum of representational evidence in this case because the testimony covered each clearly defined category of worker; there was actual consistency among those workers' testimony, both within each category and overall; [defendant] offered no contradictory testimony; the abuse arose from an admitted policy of the employer that was consistently applied; and the periods at issue were the employees' lunch hours,

BRESSLER, AMERY & ROSS

A PROFESSIONAL CORPORATION

March 19, 2015
Page 3

> which are predictable, daily-recurring periods of uniform and
> predetermined duration.

Id. at 68. Here, the parties have yet to address whether, based on the opt-in parties' allegations, they are similarly situated. Indeed, the interrogatories were drafted with that precise determinative issue in mind. Accordingly, Reich is inapposite and does not support counsel's position.

The only other Second Circuit case relied on by counsel for Plaintiffs, Grochowski v. Phoenix Construction, Ypsilon Construction Corp., 318 F.3d 80, 84 (2d Cir. 2003), is likewise not persuasive. In Grochowski, the Second Circuit found, in part, that the district court properly entered judgment as a matter of law against four FLSA plaintiffs who did not testify at trial. The Court held that "[a]lthough the plaintiffs correctly point out that not all employees need testify in order to prove FLSA violations or recoup back-wages, the plaintiffs must present sufficient evidence for the jury to make a reasonable inference as to the number of hours worked by the non-testifying employees." Id. at 88. Accordingly, the Court was not concerned with the precise issue here – whether the defendant may serve interrogatories on all opt-in parties prior to a determination that the opt-in parties are similarly situated. Instead, the Grochowski court was concerned with the presentation of evidence at trial.

All other cases relied on by counsel are outside of this Circuit and, therefore, not binding on this Court. United States v. Aguiar, 737 F. 3d 251, 262 (2d Cir. 2013). Nevertheless, these cases are distinguishable or irrelevant. See, e.g., Morales v. Farmland Foods, Inc., Civ. No. 08-CV-504, 2010 U.S. Dist. LEXIS 96626, at *7-9 (D. Neb. Aug. 27, 2010) (finding that defendant failed to demonstrate that plaintiff's suggested method of representative sampling of the 296 opt-in plaintiffs was deficient, but permitting defendant to randomly serve interrogatories on 15% of the opt-in plaintiffs (approximately 45 workers) – which is only seven less than JCP seeks to serve here); Proctor v. Allsups Convenience Stores, Inc., 250 F.R.D. 278, 283-84 (N.D. Tex. 2008) (granting defendants application for decertification where defendants deposed 34 of 1,074 plaintiffs who presented such disparate factual allegations that final class certification was improper); Adkins v. Mid-Am. Growers, Inc., 143 F.R.D. 171, 173-74 (N.D. Ill. 1992) (reversing magistrate judge's order dismissing approximately 67 plaintiffs who failed to respond to the interrogatories and holding that defendant was "entitled to discovery concerning the type of work a plaintiff performed while he or she was working overtime and the type of goods he or she handled in order to fulfil [sic] its burden of establishing that wages for work on any given week are exempt from the FLSA").

## BRESSLER, AMERY & ROSS
### A PROFESSIONAL CORPORATION

March 19, 2015
Page 4


Accordingly, JCP is entitled to discovery responses from all 52 opt-in parties and respectfully requests a conference to resolve this discovery dispute.

Respectfully submitted,

*Tracey Salmon-Smith*

Tracey Salmon-Smith

Encls.

cc:     Lee Shalov, Esq. (lshalov@mclaughlinstern.com)
        Brett Gallaway, Esq. (bgallaway@mclaughlinstern.com
        Louis Ginsberg, Esq. (lg@louisginsberglawoffices.com)
        Matthew Cohen, Esq. (matthewcohen21@gmail.com)

2515317_1.doc

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
AFZA ANJUM, JANET TERRANA, VERONICA   :
MONAHAN and CAMILLE FOREST, on behalf   :     Civil Action No.
of themselves and all other similarly situated,   :     13-CV-00460 (RDJ)(RER)
                                                :
                    Plaintiffs,                 :
                                                :
          v.                                    :
                                                :
J.C. PENNEY COMPANY, INC.,                      :
J.C. PENNEY CORPORATION, INC.,                  :
                                                :
                    Defendants.                 :
-------------------------------------------------------------X

## DEFENDANTS' FIRST SET OF INTERROGATORIES
## DIRECTED TO OPT-IN PARTY ALEX ANTHONY MORALES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3 of

the Local Rules of the United States District Courts for the Southern and Eastern Districts of New

York, Defendants J.C. Penney Company, Inc. and J.C. Penney Corporation, Inc. ("Defendants" or

"jcp") hereby request that Opt-In Party **ALEX ANTHONY MORALES** serve upon the

undersigned sworn written answers to each of the interrogatories set forth below by **February 25,**

**2015**. These Interrogatories are continuing interrogatories.  If at any time after service of his/her

answers hereto, and prior to the trial of this action, Plaintiff obtains or becomes aware of additional

information pertaining to any of these interrogatories, the disclosure of which may be required

pursuant to Rule 26(e) of the Federal Rules, Plaintiff shall, within thirty (30) days, and in no event

later than five days before trial, serve upon the undersigned supplemental sworn written answers

setting forth such additional information.

## DEFINITIONS

A. &ldquo;Address&rdquo; means the present or last known street name and number, city or town, state, zip code, and telephone number.

B. &ldquo;Complaint&rdquo; means the Complaint and any amendments thereto filed on your behalf in the above-captioned matter.

C. &ldquo;Communication&rdquo; means the transmittal of information, whether written or oral, in the form of facts, ideas, inquiries or otherwise.

D. &ldquo;Defendants,&rdquo; or &ldquo;jcp&rdquo; unless otherwise noted, means J.C. Penney Company, Inc. and J.C. Penney Corporation, Inc.

E. &ldquo;Describe,&rdquo; &ldquo;describing&rdquo; and &ldquo;set forth&rdquo; mean to state the substance of the event, circumstances, communication, representation, conversation, meeting, transaction, occasion or other occurrence in question; the date, time, place and identity of all persons present thereat or participating therein; that which each such person said and did; the approximate duration of such occurrence; the method or means of communication employed; the identity of all documents relating thereto; and the identity of all persons having knowledge of such occurrence; as well as the date and means when and whereby such knowledge was first acquired.

F. &ldquo;Document&rdquo; is defined to be synonymous in meaning and equal in scope to the usage of the terms &ldquo;documents or electronically stored information&rdquo; in Fed. R. Civ. P 34 (a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

G. &ldquo;Plaintiff,&rdquo; &ldquo;you&rdquo; or &ldquo;your&rdquo; refers to Opt-In Party Alex Anthony Morales.

H. &ldquo;Identify&rdquo;  (with respect to persons) means to give, to the extent known, the person&rsquo;s full name, present or last known address, and the present or last known place of employment.  Once

a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

I. "Identify" (with respect to documents) means to give, to the extent know, the (i) type of document; (ii) general subject matter; (iii) the date of the document; and (iv) author(s), addressee(s) and recipients(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

J. "Parties." The term means "Plaintiff" and "Defendants" as well as a party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose discovery obligations on any person who is not a party to the litigation.

K. "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

L. "Concerning" means relating to, referring to, describing, evidencing or constituting.

M. The following rules of construction apply to all discovery requests:

    1. "All/Any/Each" shall be construed as encompassing any and all.

    2. "And/Or" shall be construed either disjunctively or conjunctively as necessary to bring with the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    3. "Number." The use of the singular form of any word includes the plural and vice versa.

    4. The use of the past tense form of a word should be construed to include the present tense form and vice versa.

- 3 -

## INSTRUCTIONS

A.      Each interrogatory requests that each and every part and particular thereof be answered with the same force and effect as if each part and particular were the subject of, and were asked by, a separate interrogatory.  Where an interrogatory relates to more than one person or subject it is to be answered as to each such person or subject separately.

B.      You are to furnish all information that is available to you as of the date of your answers to these interrogatories.  If you are unable to answer any of the interrogatories fully and completely, after exercising due diligence to secure the information necessary to make such full and complete answer, so state, and answer each such interrogatory to the fullest extent possible, specifying the extent of your knowledge and your inability to answer the remainder, setting forth whatever information or knowledge you may have concerning the unanswered portions thereof and the efforts you made to obtain the requested information.

C.      With respect to the answer to each interrogatory, identify all persons and documents consulted by you in preparing your answer thereto, and state the source of the information given therein with as much particularity as is reasonably possible, including, without limitation, the identity of each person who provided any information included in such answer.  In addition, identify each other person known or believed to have some or all of the information sought in such interrogatory.

D.      When an interrogatory calls for you to set forth the factual basis of any of your allegations or any of your answers, the request calls for you to set forth and describe each fact and identify each document which you contend tends to support your allegation or answer and identify each person who possesses facts supporting your allegation or answer.

E.     If any information required to answer any interrogatory is withheld because you claim that such information is privileged, or is contained in a privileged document or communication:

      1.     identify each document or communication;

      2.     identify the privilege and set forth the factual basis or the privilege claimed; and

      3.     set forth each subparagraph of the interrogatory to which each such document or communication is responsive.

F.     If your answer to any interrogatory refers to or identifies a document which once existed, but which no longer exists, state the circumstances under which it was destroyed or ceased to exist, including:

      1.     the identity of each person who determined that each such document would be removed or destroyed;

      2.     the identity of each person who authorized the destruction or removal of each such document;

      3.     the identity of each person who removed or destroyed each such document;

      4.     the substance and content of each such document; and

      5.     the date and location and the manner in which each such document was removed or destroyed.

model  interrogatories to opt-ins alex morales - final final

## INTERROGATORIES

1.      State your full name and your present address.

2.      With respect to your employment with jcp, state with specificity, the following: (a) the address(es) where you worked, including the jcp store number for each location; (b) your dates of employment; (c) your job titles; (d) your wage rate(s); (e) the departments in which you worked; (f) the names of those persons who supervised you; and (g) the names of any other persons who assigned you work.

3.      With respect to your employment with jcp, for each job title identified in No. 2 above, please state with specificity the job duties you performed.

4.      Please identify every former or current employee of jcp who you claim are "similarly situated" to you as described in the First Amended Complaint ("FAC") and state with specificity the facts on which you base this claim.

5.      With respect to your employment with jcp, state with specificity, (a) the total number of hours you allege that you worked each week during your employment; (b) the total dollar amount you were paid each week during your employment; and (c) the total hours you allege that you worked each week during your employment but for which you were not paid; and (d) the amount of money you allege that you are owed, by week, for hours that you allegedly worked but were not paid.

6.      If you claim that you were not paid for work performed during meal periods, please state with specificity:  (a) the date(s) on which you allegedly worked during meal periods; (b) the amount of time you allege you worked without pay during each specific meal period; (c) the amount of money you allege you are owed for each such meal period.

7.      If you claim that you were not paid for work performed during meal periods, please state with specificity:  (a) the names of those persons who assigned you this work; (b) the date on which each such person assigned you work; (c) the statements each such person made when assigning the work; and (d) your response.

8.      If you claim that you were not paid for work performed during meal periods, please identify any efforts you undertook to receive pay for that work, such as submitting a manual timesheet or requesting pay.

9.      If you claim that you were not paid for work performed before or after your work shifts, please state with specificity:  (a) the dates on which you allegedly worked before or after your work shifts; (b) the amount of time you allege you worked without pay; and (c) the amount of money you claim you are owed as a result of this work for each such day.

10.      If you claim that you were not paid for work performed before or after your work shifts, please state with specificity the names of those persons who assigned you this work and a description of the work assigned.

11.     If you claim that you were not paid for work performed before or after your work shifts, please identify any efforts you undertook to receive pay for that work, such as submitting a manual timesheet or requesting pay.

12.     Identify with specificity all documents you have in your possession or under your control that deals with any aspect of this litigation, including such facts as the name of the document, the sum and substance of the document, and where the document is located.

13.     Identify all current or former sales associates at **any** jcp store who you claim were denied pay for hours worked, stating with specificity:  (a) the name of the sales associate; (b) the store in which the sales associate worked; (c) the dates on which you allege the sales associate worked without pay; (d) the specific time that you allege the sales associate worked without compensation; and (e) the amount of money you allege jcp owes the sales associate.

14.     With regard to the "Consent" Form attached hereto as Exhibit 1,  please admit or deny that the document is authentic and that the signature affixed to the "Consent" Form is yours.

15.     With regard to the "Consent" Form attached hereto as Exhibit 1,  if that is a copy of the Form you signed, please state with specificity: (a)  the manner in which you obtained the Form; (b) the person or persons who gave you the Form;  (c) the representations, if any, made to you regarding the Form and this litigation; (d) the date you signed this Form; (e) the person to whom you gave the Form; and (f) the manner in which you gave that person the Form.

16.     Have you given any statements (oral or written) in connection with this matter.  If so, state when and where the statement was taken, whether the statement was written, recorded or oral and the identity of the individual who took the statement.  Attach a copy of each such statement to your answers to these interrogatories.

17.     If in response to any interrogatory you have refused to disclose any information or the identity of any person, document or oral communication because of a claim of confidentiality or privilege, set forth in detail the facts and circumstances upon which  you rely to support such claims.

Date: January 26, 2015                **BRESSLER, AMERY & ROSS, P.C.**

                                      By: _Tracey S. Salmon-Smith_____
                                      Jed Marcus
                                      Tracey Salmon-Smith
                                      325 Columbia Turnpike
                                      Florham Park, NJ 07932
                                      (973) 514-1200 (telephone)
                                      (973) 514-1660 (fax)
                                      jmarcus@bressler.com
                                      tsmith@bressler.com
                                      *Attorneys for Defendants J.C. Penney Company,*
                                      *Inc. and J.C. Penney Corporation, Inc.*

- 7 -

# EXHIBIT 1

☑004/020

I consent to be a party plaintiff in a lawsuit against J.C. Penney Corporation, Inc., and/or related entities in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate The Law Firm of Louis Ginsberg, P.C. and McLaughlin & Stern, LLP to represent me in such a lawsuit.

_Alex Morales_
Signature                        05/22/2013
                                 Dated

_Alex Anthony Morales_
Full Legal Name (print)

_95 Barlow ave_
Address

_Staten Island, NY_          _10308_
City, State                   Zip Code

## **CERTIFICATION**

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.  I further certify that in responding to the foregoing Interrogatories, I have furnished all information available to me, and to my agents and attorneys.  Finally, I certify that the copies of the reports annexed hereto rendered by proposed expert witnesses are exact copies of the entire report or reports rendered by them.  I further certify that if other reports of said experts become available, either written or oral, I shall serve them promptly on the propounding party.

 

 

 

_____

ALEX ANTHONY MORALES

Dated: _____, 2015

# CERIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing "DEFENDANTS' FIRST SET OF

INTERROGATORIES DIRECTED TO OPT-IN PARTY ALEX ANTHONY MORALES" was

served via email and first class mail on this 26 day of January 2015 upon the following counsel for

Plaintiffs:

> Lee S. Shalov, Esq.
> McLaughlin & Stern LLP
> 260 Madison Avenue
> New York, New York 10016
> lshalov@mclaughlinstern.com
>
> Louis Ginsberg, Esq.
> Law Firm of Louis Ginsberg, P.C.
> 1613 Northern Boulevard
> Roslyn, NY 11576
> lg@louisginsberglawoffices.com

_(signature)_

_____

Tracey Salmon-Smith

# EXHIBIT B

# MCLAUGHLIN & STERN, LLP
## FOUNDED 1898

**BRETT R. GALLAWAY**
Partner
bgallaway@mclaughlinstern.com
(212) 448-1100

260 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 448-1100
FAX (212) 448-0066
www.mclaughlinstern.com

MILLBROOK, NEW YORK
GREAT NECK, NEW YORK
WEST PALM BEACH, FLORIDA
NAPLES, FLORIDA

February 4, 2015

**Via Electronic Mail**

Tracey Salmon-Smith, Esq.
Bressler, Amery & Ross
325 Columbia Turnpike
Floram Park, NJ 07932
tsmith@bressler.com

    *Re*: Anjum v J.C. Penney Company, Inc. *et al.* 13-cv-00460 (RJD)(RER)

Dear Tracey,

    We are in receipt of your revised copy of Defendants' First Set of Interrogatories directed to each opt-in and write to request a meet and confer regarding several issues we have with Defendants' discovery requests.

    First, Fed. R. Civ. P. 33(a)(1) clearly limits the number of permissible interrogatories to 25, inclusive of discrete subparts, absent obtaining permission from the Court. ("[A] party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."). Your current 17 proposed interrogatory requests contain numerous "discrete subparts" which increase the total number of propounded interrogatories to 43. For purposes of this numerical limitation, once a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by that portion of the preceding interrogatory, the subpart is considered a separate interrogatory no matter how it is designated. § 22.02[C] Counting Interrogatories, DISCPR s 22.02[C]. As such, Plaintiffs request that you narrowly tailor your interrogatories requests to comply with the Federal Rules.

    Second, Defendants served 52 separate sets of discovery requests on all opt-ins. This clear bombardment tactic is overbroad and unnecessary and a representative sample of opt-in responses would provide Defendants with the information they need. "It is well-established that the [Plaintiffs] may present the testimony of a <u>representative sample</u> of employees as part of [their] proof of the prima facie case under the FLSA." *Reich v. Southern New England Telecommunications Corp.*, 121 F.3d 58, 66 (2d Cir. 1997) (emphasis added). In *Reich*, the court held that responses from 2.5% of 1500 opt-ins (39 total responses) was an adequate sample upon which to award back wages under the FLSA to the entire group of employees. *Id.* Furthermore, this Circuit has held that "not all employees need testify in order to prove FLSA violations or

McLaughlin & Stern, LLP

recoup back-wages." *Grochowski v. Phoenix Constr.,* 318 F.3d 80, 88 (2d Cir. 2003). Indeed, numerous other courts have found that plaintiffs should not be obligated to, nor do defendants have a right to interrogatory responses from all opt-ins in an FLSA lawsuit. *See Morales v. Farmland Foods, Inc.,* 2010 WL 3447513 (D. Neb. 2010) (regarding a class of 281 members, "[a]llowing the defendant to obtain the discovery sought from each opt-in class member is inappropriate in this FLSA lawsuit."); *Proctor v. Allsups Convenience Stores, Inc.,* 250 F.R.D. 278, 283 (N.D. Texas 2008) (in an FLSA class action matter, the court held, "[i]t is true that representative testimony can sometimes suffice so that not every plaintiff must testify"); *Adkins v. Mid-American Growers, Inc.,* 143 F.R.D. 171, 174 (N.D. Ill. 1992) ("Although interrogatories may be served on a broader scale, they too should be served generally on a representative basis.").

Clearly your 52 separate discovery requests served on <u>all</u> current opt-ins which contain 43 discrete interrogatories (inclusive of subparts) are impermissible under the Federal Rules and under relevant case law in this Circuit. If Defendants do not narrowly tailor and limit their interrogatories, Plaintiffs are prepared to move the Court for a protective order. Accordingly, Plaintiffs request an immediate meet and confer to address the aforementioned issues. Please let us know when you are available for a meet and confer call this week.

Regards,

_/s/_____
Brett R. Gallaway, Esq.

Cc via email:  Jed Marcus, Esq.
Lee Shalov, Esq.
Louis Ginsberg, Esq.

2

# EXHIBIT C

# BRESSLER, AMERY & ROSS

A PROFESSIONAL CORPORATION

P.O. Box 1980  ▪  Morristown, NJ 07962

Hand Delivery:

325 Columbia Turnpike  ▪  Florham Park, NJ 07932

973.514.1200  ▪  fax 973.514.1660

www.bressler.com

Tracey Salmon-Smith
Principal

direct: 973- 660-4422
tsmith@bressler.com

February 26, 2015

**Via Electronic Mai**

Brett Gallaway, Esq.
McLaughlin & Stern LLP
260 Madison Avenue
New York, New York 10016

Louis Ginsberg, Esq.
Law Firm of Louis Ginsberg, P.C.
1613 Northern Boulevard
Roslyn, NY 11576

Re:  **Anjum v. J.C. Penney Company, Inc. et. al.**
     **Civil Action No.  13-CV-00460 (RJD)(RER)**

Dear Counselors:

To follow up on our recent meet and confer regarding the interrogatories we serve on the 52 opt-in parties, you objected to the number of interrogatories and the fact that we require responses from all 52 opt-ins. Although we disagree with you that the number of interrogatories, including sub parts, exceeds the 25 limit under the Federal Rules of Civil Procedure, in an effort to compromise we have revised the interrogatories. Please see the attached.

However, with respect to the number of opt-in parties who have to respond to the interrogatories we decline to reduce the number. The representative random sampling method that you suggested of limiting responses to 8-10 opt-ins is too small a group and such sampling would be too unstable to be considered reliable.  The case law you cite is not persuasive. The discovery we seek from the opt-ins is directly relevant to the claims and defenses in this matter. The facts and circumstances surrounding meal breaks vary substantially from associate to associate and warrant individualized inquiry. This written discovery is the least expensive method of obtaining the information we need. Responding to these requests will not produce any unusual or extraordinary burden to any of the opt-ins.

As always, I am happy to discuss this with you further.

Very truly yours,

*Tracey Salmon-Smith*

Tracey Salmon-Smith

TSS:pm
Enclosures
2478465_1

## INTERROGATORIES

1.      State your full name and your present address.

2.      With respect to your employment with jcp, for each job title you held, please state with specificity the job duties you performed.

3.      Please identify every former or current employee of jcp who you claim are "similarly situated" to you as described in the First Amended Complaint ("FAC") and state with specificity the facts on which you base this claim.

4.      With respect to your employment with jcp, state with specificity, (a) the total hours you allege that you worked each week during your employment but for which you were not paid; and (b) the amount of money you allege that you are owed, by week, for hours that you allegedly worked but were not paid.

5.      If you claim that you were not paid for work performed during meal periods, please state with specificity:  (a) the date(s) on which you allegedly worked during meal periods; and (b) the amount of time you allege you worked without pay during each specific meal period.

6.      If you claim that you were not paid for work performed during meal periods, please state with specificity:  (a) the names of those persons who assigned you this work; (b) the date on which each such person assigned you work; (c) the statements each such person made when assigning the work; and (d) your response.

7.      If you claim that you were not paid for work performed during meal periods, please identify any efforts you undertook to receive pay for that work, such as submitting a manual timesheet or requesting pay.

8.      If you claim that you were not paid for work performed before or after your work shifts, please state with specificity:  (a) the dates on which you allegedly worked before or after your work shifts; (b) the amount of time you allege you worked without pay;.

9.      If you claim that you were not paid for work performed before or after your work shifts, please state with specificity the names of those persons who assigned you this work and a description of the work assigned.

10.     If you claim that you were not paid for work performed before or after your work shifts, please identify any efforts you undertook to receive pay for that work, such as submitting a manual timesheet or requesting pay.

11.     Identify with specificity all documents you have in your possession or under your control that deals with any aspect of this litigation, including such facts as the name of the document, the sum and substance of the document, and where the document is located.

1

12.     Identify all current or former sales associates at **any** jcp store who you claim were denied pay for hours worked,

13.     With regard to the "Consent" Form attached hereto as Exhibit 1, please admit or deny that the document is authentic and that the signature affixed to the "Consent" Form is yours.

14.     With regard to the "Consent" Form attached hereto as Exhibit 1, if that is a copy of the Form you signed, please state with specificity:(a) the person or persons who gave you the Form; (b) what, if anything, you were told about the Form (c) the person to whom you gave the Form; and (d) the manner in which you gave that person the Form.

15.     Have you given any statements (oral or written) in connection with this matter. If so, state when and where the statement was taken, whether the statement was written, recorded or oral and the identity of the individual who took the statement. Attach a copy of each such statement to your answers to these interrogatories.

Date: February 26, 2015

2478386_1

# EXHIBIT D

**Tracey Salmon-Smith**

| | |
|---|---|
| **From:** | Brett Gallaway [BGALLAWAY@mclaughlinstern.com] |
| **Sent:** | Monday, March 09, 2015 3:34 PM |
| **To:** | 'Louis Ginsberg (lg@louisginsberglawoffices.com)'; Paula Molinsky |
| **Cc:** | 'matthewcohen21@gmail.com'; Jed L. Marcus; Tracey Salmon-Smith |
| **Subject:** | Re: Anjum v. J.C. Penney Company, Inc., et al. |

Tracey,

I have had a chance to review your discovery proposal with my team and we are still of the opinion that your propounded discovery requests upon all opt-ins is excessive and unwarranted. We will not agree to produce responses for all opt-ins and strongly believe that the case law cited in our February 5, 2015 correspondence strongly supports our contention that a sampling is a more appropriate method. We ask again that you reconsider your request and accept a sampling of opt-ins for interrogatory responses. At this time, we will not agree to respond to your request for responses from all opt-ins without an order from the Court. As we have already had a meet and confer on this issue, please feel free to make your motion to compel responses from all opt-ins and we will bring the issue before Judge Dearie.

Regards,
Brett

Dear Counsel:

Attached please find our correspondence of February 27, 2015 with the attached Interrogatories.

Regards,

*Paula Molinsky, Legal Assistant*
*Bressler, Amery & Ross, P.C.*
*325 Columbia Turnpike*
*Florham Park, New Jersey 07932*
*Telephone No.: (973) 514-1200*
*Fax No.: (973) 514-1660*
*pmolinsky@bressler.com*

This electronic message and any attachments are for the sole use of the intended recipient(s). They may contain confidential and/or privileged information or other information subject to legal restrictions regarding disclosure and/or dissemination. If you are not an intended recipient of this message, any review, retransmission, copying, use, disclosure, or dissemination of this message or its attachments is prohibited. If you received this message in error please notify the sender by replying to this message and deleting or destroying all copies of this message and any attachments.

Brett R. Gallaway, Esq.
McLaughlin & Stern, LLP
260 Madison Ave.
New York, NY 10016
Tel: (646) 738-6353

1

Fax: (212) 448-0066
bgallaway@mclaughlinstern.com

