IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AFZA ANJUM, JANET TERRANA, VERONICA MONAHAN and CAMILLE FOREST, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>J.C. PENNEY COMPANY, INC., J.C. PENNEY CORPORATION, INC.,<br><br>Defendants. | Civil Action No. 13-CV-00460 (RJD) (RER)<br><br>[PROPOSED] ORDER |

**ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND COLLECTIVE ACTION, (2) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, (3) DIRECTING DISSEMINATION OF NOTICE AND RELATED MATERIAL TO THE CLASS, AND (4) SETTING DATE FOR FAIRNESS HEARING AND RELATED DATES**

After engaging in months of discovery, extensive motion practice and participating in a mediation session, and notwithstanding their adversarial positions in this matter, Plaintiffs, Afza Anjum, Janet Terrana, Veronica Monahan and Camille Forest, and Defendants J. C. Penney Company, Inc. and J. C. Penney Corporation, Inc. ("JCPenney")(collectively, the "Parties") negotiated a settlement of this litigation. The terms of the proposed settlement ("Settlement") are set forth in the proposed Global Settlement Agreement and accompanying Exhibits ("Agreement"), attached hereto as Exhibit 1.

On _____, 2015, Plaintiff filed a Notice of Motion for Order: (1) Conditionally Certifying Settlement Class; (2) Granting Preliminary Approval to Proposed Class Action Settlement and Plan of Allocation; (3) Directing Dissemination of Notice and Related Material to the Class; and (4) Setting Date for Fairness Hearing and

Related Dates ("Motion"). In the Motion, Plaintiffs requested that this Court grant conditional certification of a settlement class, together with a FLSA collective action. Plaintiff also requested that the Court grant preliminary approval to the Agreement, including the plan of allocation in that Agreement, and that the Court approve a proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Class Notice," attached hereto as Exhibit B to the Settlement Agreement), and a General Release for each of the four named plaintiffs. (attached hereto as Exhibit C to the Settlement Agreement).

Having reviewed the Settlement Agreement and Motion, along with the Parties' prior submissions in this matter, the Court now **FINDS, CONCLUDES, AND ORDERS** as follows:

I. Background

Plaintiffs allege that JCPenney failed to pay them for work they performed either during their unpaid meal periods or before or after their assigned shifts. As a result, they allege JCPenney failed to pay them required straight and overtime pay. Based on such allegations, Plaintiffs assert claims against JCPenney for unpaid straight time and overtime wages under the Fair Labor Standards Act and New York Labor Law. JCPenney has disputed, and continues to dispute, Plaintiffs' allegations in this lawsuit and denies liability for any of the claims that have or could have been asserted by Plaintiffs or the persons they seek to represent.

II. Definition of the Class

The Parties have entered into the Agreement solely for purposes of compromising and settling their disputes in this matter. JCPenney has agreed not to

oppose, for settlement purposes only, conditional certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) and certification under 29 U.S.C. § 216(b) of the following settlement class (the "Class"):

> All current and former JCPenney sales associates working in JCPenney's Staten Island store and Manhattan store from January 25, 2007 to the present.

Further, as part of the Agreement, JCPenney has agreed not to seek decertification of the FLSA class conditionally certified by the Court on June 5, 2015 unless the proposed settlement is not approved or JCPenney withdraws from the Settlement pursuant to Section 3.6 (F) of the Settlement.

### III. Designation of the Class as an FLSA Collective Action

On June 5, 2015, the Court conditionally certified the Class within the meaning of Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b). For purposes of this Settlement only, JCPenney has agreed not to seek decertification of the FLSA class conditionally certified by the Court on June 5, 2015.

### IV. Rule 23 Certification of the Class

In examining potential conditional certification of the Class, the Court has considered: (1) the allegations, information, arguments, and authorities cited in the Motion for Preliminary Approval and supporting memorandum and Declaration; (2) the allegations, information, arguments, and authorities provided by the Parties in connection with the pleadings filed by each of them in this case; (3) information, arguments, and authorities provided by the Parties in conferences and arguments before this Court; (4) JCPenney's conditional agreement, for settlement purposes only, not to oppose conditional certification of the Class specified in the Agreement; (5) the

terms of the Agreement, including, but not limited to, the definition of the Class specified in the Agreement; and (6) the elimination of the need, on account of the Settlement, for the Court to consider any potential trial manageability issues that might otherwise bear on the propriety of class certification.

In connection with certifying the Class, the Court makes the following Preliminary findings applicable <u>solely</u> to this Settlement:

    a.    The Class has more than 100 members and therefore is sufficiently numerous that joinder of all members of the Class ("Class Members") is impracticable;

    b.    There are questions of law or fact common to all Class Members, including whether they performed work either during their unpaid meal periods or before or after their assigned shifts with the knowledge of their supervisors;

    c.    The Class Representatives' claims are typical of the Class's claims in that the Class Representative raises the same types of claims as the Class Members;

    d.    The Class Representatives can fairly and adequately represent the Class's interests, in that: (1) the Class Representatives have retained counsel who are qualified and experienced in the issues raised in this litigation; (2) the Class Representatives do not have any apparent interests antagonistic to the interests of the Class; and (3) the Court finds that the FLSA and the state laws under which the claims in this matter arise are substantially similar and provide similar relief;

    e.    The common questions of law and fact, set forth in paragraph (b) above, predominate over any questions affecting only individual members; and

    f.    The class action device is superior to all other available methods for fairly and efficiently settling this matter.

Based on those considerations and findings, the Court hereby finds that the Class proposed in this matter is identifiable and that the requirements of Federal Rule of Civil Procedure 23(a) are satisfied, including numerosity, commonality, typicality, and adequacy of the representatives and their counsel.

The Court further concludes that the requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied because questions of law and fact common to the Class Members predominate over any questions affecting only individual members and that a settlement class is superior to other available methods for the fair and efficient adjudication of this matter.

Therefore, solely for the purpose of determining whether the terms of Settlement are fair, reasonable, and adequate, the Court conditionally certifies the Class, as defined in Section II above, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

**V.     Appointment of Class Representatives and Class Counsel**

Plaintiffs, Afza Anjum, Janet Terrana, Veronica Monahan and Camille Forest are appointed as class representatives of the Class, both under Rule 23 and under 29 U.S.C. § 216(b).

The following attorneys and law firms are appointed as Class Counsel for the Class ("Class Counsel"): Lee S. Shalov of McLaughlin & Stern, LLP, and Louis Ginsberg of the Law Firm of Louis Ginsberg, P.C.

**VI.    Disposition of Settlement Class if Settlement Agreement Does Not Become Effective**

If, for any reason, the Agreement ultimately does not become effective, JCPenney's agreement not to oppose conditional certification of the Class under Rule

23(a) and (b)(3), and its agreement not to seek to decertify the FLSA class conditionally certified by the Court on June 5, 2015, shall be null and void in their entirety; this Order conditionally certifying the Settlement Class shall be vacated; the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before the Parties executed the Agreement; and nothing stated in the Agreement, the Motion, this Order, or in any attachments to the foregoing documents shall be admissible in court or for any other purpose and nothing stated therein shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action. In particular, the Class certified for purposes of settlement shall be decertified, and JCPenney will retain the right to contest whether this case should be maintained as a class action or collective action and to contest the merits of the claims being asserted by Plaintiffs. Likewise, Plaintiff and class members shall retain all their rights and claims and the order conditionally certifying the 216(b) collective action shall remain subject to Defendants' right to move to de-certify.

### VII. Preliminary Approval of the Agreement and the Proposed Plan of Allocation

The Court has reviewed the terms of the Agreement and the description of the Settlement in the Motion papers. Based on that review, the Court concludes that the Settlement is within the range of possible Settlement approval such that notice to the Class is appropriate.

The Court has also read and considered the Joint Declaration of Lee S. Shalov and Louis Ginsberg in support of preliminary approval of the proposed class action settlement. Based on review of that Declaration, the Court concludes that the

Settlement was negotiated at arm's length and is not collusive. The Court further finds that Class Counsel were fully informed about the strengths and weaknesses of the Class's case when they entered into the Agreement.

As to the proposed Plan of Allocation, the Court finds that the proposed plan is rationally related to the relative strengths and weaknesses of the respective claims asserted. The proposed plan of allocation is also within the range of possible approval such that notice to the Class is appropriate.

Accordingly, the Court hereby grants preliminary approval to the Agreement and the Plan of Allocation.

### VIII. Approval of The Form and Manner Of Distributing Class Notice.

Plaintiffs have also submitted for this Court's approval a proposed Class Notice. The proposed Class Notice appears to be the best notice practical under the circumstances and appears to allow Class Members a full and fair opportunity to consider the proposed Settlement and develop a response. The proposed plan for distributing the Class Notice likewise appears to be a reasonable method calculated to reach all members of the Class who would be bound by the Settlement. Under this plan, the Claims Administrator will distribute the Class Notice to Class Members by First Class U.S. Mail. There appears to be no additional method of distribution that would be reasonably likely to notify Class Members who may not receive notice pursuant to the proposed distribution plan.

The Class Notice fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this litigation, the settlement class at issue, the identity of Class Counsel, and the essential terms of the Agreement

and Settlement; (2) appropriate information about Class Counsel's forthcoming application for attorneys' fees and other payments that will be deducted from the Settlement fund; (3) appropriate information about how to participate in the Settlement; (4) appropriate information about this Court's procedures for final approval of the Settlement Agreement and Settlement; (5) appropriate information about how to challenge or opt-out of the Settlement, if they wish to do so; and (6) appropriate instructions as to how to obtain additional information regarding this litigation, the Agreement, and the Settlement.

The Court, having reviewed the proposed Class Notice finds and concludes that the proposed plan for distributing the same will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements.

Accordingly, the Court hereby Orders as follows:

1.  The form and manner of distributing the proposed Class Notice is hereby approved.

2.  Promptly following the entry of this Order, the Claims Administrator shall prepare final versions of the Class Notice, incorporating into the Notice the relevant dates and deadlines set forth in this Order.

3.  Within 15 calendar days of the date of entry of this Order, JCPenney will provide the Claims Administrator and Class Counsel with the information regarding Class Members in accordance with the Settlement Agreement.

4.  Within 30 calendar days after receiving the information regarding Class Members specified in the Settlement Agreement, the Claims Administrator shall mail,

via First Class United States Mail, postage prepaid, the final version of the Class Notice, using each Class Member's last known address as recorded in JCPenney's payroll system. The Claims Administrator shall take all reasonable steps to obtain the correct address of any Class Members for whom the notice is returned by the post office as undeliverable and otherwise to provide the Class Notice. The Claims Administrator shall notify Class Counsel and Defendants' Counsel of any mail sent to Class Members that is returned as undeliverable after the first mailing as well as any such mail returned as undeliverable after any subsequent mailing(s). In no event shall the Claims Administrator make any mailing to any Class Member more than 30 calendar days after the initial mailing.

    5.    The Claims Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

### IX.    Procedures for Final Approval of the Settlement

#### A.    Fairness Hearing

The Court hereby schedules for __6/9__, 2016, at the hour of __2:30 pm__ a hearing to determine whether to grant final certification of the Class and the FLSA collective action, and final approval of the Agreement and the Plan of Allocation (the "Fairness Hearing"). At the Fairness Hearing, the Court also will consider any petition that may be filed for the payment of attorneys' fees and costs/expenses to Class Counsel, and any service payments to be made to Plaintiffs.

#### B.    Deadline to Request Exclusion from the Settlement

Class Members who wish to be excluded from the Settlement must submit a written and signed request ("Opt-Out Statements") to opt out to the Claims Administrator.

To be effective, such Opt-Out Statements must be mailed to the Claims Administrator via First Class United States Mail, postage prepaid, and postmarked by a date certain to be specified on the Notice, which will be 60 calendar days after the Claim Administrator makes the initial mailing of the Notice.

The Claims Administrator shall stamp the postmark date of the Opt-Out Statement on the original of each Opt-Out Statement that it receives and shall serve copies of each Statement on Class Counsel and Defendants' Counsel not later than 3 business days after receipt thereof. The Claims Administrator also shall, within 10 calendar days after the end of the Opt-Out Period, provide Class Counsel and Defendants' Counsel with: (1) stamped copies of any Opt-Out Statements, with Social Security Numbers redacted; and (2) a final list of all Opt-Out Statements. Also within 10 calendar days after the end of the Opt-Out Period, the Claims Administrator shall file with the Clerk of Court copies of any timely submitted Opt-Out Statements with Social Security Numbers and addresses redacted. The Claims Administrator shall retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-Out Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Agreement.

C.  **Deadline for Filing Objections to Settlement**

Class Members who wish to present objections to the Settlement at the Fairness Hearing must first do so in writing. To be considered, such objections must be mailed to the Claims Administrator via First-Class United States Mail, postage prepaid, and postmarked by a date certain, to be specified on the Notice, which shall be 60 calendar days after the initial mailing by the Claims Administrator of such Notice and received by



the Claims Administrator no later than 7 calendar days after the end of the Opt-Out Period.

The Claims Administrator shall stamp the postmark date and the date received on the original and send copies of each objection to the Parties by facsimile and overnight delivery not later than 2 business days after receipt thereof. The Claims Administrator shall also file the date-stamped originals of any and all objections with the Clerk of Court within 10 calendar days after the end of the Opt-In Period.

**D.     Deadline for Filing Motion for Judgment And Final Approval**

No later than 7 days before the Fairness Hearing, Plaintiffs will submit a Motion for Judgment and Final Approval of the Settlement Agreement and Settlement.

**E.     Plaintiffs' and Class Members' Release**

If, at the Fairness Hearing, this Court grants Final Approval to the Settlement Agreement and Settlement, Plaintiffs and each individual Class Member who do not timely opt out will release claims, by operation of this Court's entry of the Judgment and Final Approval, as described in Section 5 of the Agreement, regardless of whether he or she receives any share of the Settlement Fund.

**F.     Releases of Class Representative**

In addition, Plaintiffs Afza Anjum, Janet Terrana, Veronica Monahan and Camille Forest will execute individual releases in exchange for any Court-approved service payment. The form releases attached to the Agreement are fair and equitable and as such are approved.

DATED: 2/10/16          _____, U.S.M.J.