UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AFZA ANJUM, JANET TERRANA, VERONICA MONAHAN and CAMILLE FOREST, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>  -against-<br><br>J.C. PENNEY COMPANY, INC., J.C. PENNEY CORPORATION, INC.,<br><br>        Defendants. | 13-cv-00460(RJD)(RER) |

## ORDER GRANTING: (1) FINAL APPROVAL OF SETTLEMENT AND RELEASES; AND (2) APPROVAL OF PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARDS

On January 5, 2016, the Parties to this action entered into a Global Settlement Agreement ("Agreement"), and on January 8, 2016 they applied to this Court for preliminary approval of the Agreement and the terms thereof. On February 10, 2016 this Court granted preliminary approval to the Agreement and provisionally certified the Class under Rule 23 of the Federal Rules of Civil Procedure (the "Preliminary Approval Order"). As required by Rule 23, this Court directed that notice of the Agreement and its terms be provided to Class Members. As also required by Rule 23, Class Members were given an opportunity to object to the settlement and/or opt out of it.

On June 2, 2016, the Parties jointly filed a Motion for Order granting: (A) Final Approval of Settlement and Releases; (B) Approval of Plaintiffs' Request for Attorneys' Fees, Reimbursement of Expenses, and Service Awards. The Court held a hearing on that motion on June 9, 2016.

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Agreement, the Parties' briefs, declarations, and oral arguments in support thereof, and the proceedings in this action to date, as follows:

1.      Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Agreement.

2.      This Court has jurisdiction over the subject matter of this Litigation, all matters relating thereto and all the Parties.

3.      Pursuant to Federal Rule 23, the Court confirms as final its certification of the Class for purposes of settlement based on the findings in Section III of the Preliminary Approval Order and there being only 1 objection from Class Members to such certification.

4.      The Court confirms as final the appointments of Afza Anjum, Janet Terrana, Veronica Monahan and Camille Forest as representatives of the Class.

5.      The Court confirms as final the appointment of the following law firms and attorneys as class counsel ("Class Counsel") for the Class pursuant to Federal Rule of Civil Procedure 23: Louis Ginsberg of the Law Firm of Louis Ginsberg, P.C. and Lee S. Shalov of McLaughlin & Stern, LLP.

6.      If, for any reason, the Agreement ultimately does not become Effective, this Order certifying the Class under Rule 23 shall be vacated; the Parties shall return to their respective positions in this Litigation as those positions existed immediately before the Parties executed the Agreement; and nothing stated in the Agreement or any other papers filed with this Court in connection with the settlement shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this Litigation or in any other action.

7.      The Class Notice, given to Class Members pursuant to the Preliminary Approval Order constituted sufficient and practicable notice under the circumstances, was accomplished in all material respects, and fully met the requirements of Federal Rule 23 and due process.

8.      Pursuant to Federal Rule 23(e), this Court grants final approval to the Agreement and the settlement set forth therein.  The Court finds that the settlement is fair, reasonable, and adequate in all respects and that it is binding on all Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order.  A list of Class Members who timely opted out is attached to the Final Judgment as Exhibit A.  The Court specifically finds that the settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation.  This Court also finds that the Agreement is the result of arms-length negotiations between experienced counsel representing the interests of the Plaintiffs, members of the Class and the Defendants, after thorough factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

9.      The Court further finds that the settlement is adequate given the: (A) complexity, expense and likely duration of the Litigation; (B) lack of any significant objections to the settlement; (C) the state of the proceedings and the amount of discovery completed; (D) risks of establishing liability and damages; (E) risks of maintaining the class action through the trial; and (F) given that the Total Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *D'Amato v. Deutsche Bank*, 236 F.3d 78, 86 (2d Cir. 2001); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

10.     The Court finds that the response of the Class to the settlement supports settlement approval.  Of the 2,279 persons who are members of the Class, only 1 has objected and 6 have submitted timely opt-out forms.

11.   Six Class Members submitted timely, signed Opt-Out Statements. These persons are hereby deemed to have opted out of the settlement and these persons' names are included on the list of opt-outs attached as Exhibit A to the Final Judgment.

12.   The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Class Members are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedure set forth in the Agreement. The Court finds that the Class Administrators' fee in the amount of $23,000 is reasonable and approved.

13.   The Court has reviewed the individual releases for Plaintiffs Afza Anjum, Janet Terrana, Veronica Monahan and Camille Forest and finds them to be fair, reasonable, and enforceable under all applicable law.

14.   The Court has reviewed the: (A) class release contained in Sections 5.1 and 5.2 of the Agreement, and (B) release of attorneys' fees and costs in Section 5.3 of the Agreement, and finds them to be fair, reasonable, and enforceable under Rule 23, and all applicable law. The class release, the individual release, and the release of attorneys' fees and costs reflect a fair and reasonable resolution of, among other things, a bona fide dispute between the Parties.

15.   The Court hereby grants Class Counsel attorneys' fees of $250,000 or 33% of the Total Settlement Amount, which the Court finds to be fair and reasonable based upon: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by the Litigation; and (E) a lodestar cross check, which reveals that Class Counsel will receive a discount to their lodestar expended during the Litigation.

16.     The Court hereby approves Class Counsel's request for reimbursement of litigation expenses in the sum of $ 25,598.33 which expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting the Litigation.

17.     The Court hereby approves service awards of $5,000.00 for Plaintiffs Afza Anjum, Veronica Monahan and Camille Forest and a service award of $7,500 for Plaintiff Janet Terrana based upon the time, effort and commitment they expended in prosecuting the Litigation on behalf of the Class.

18.     The Class Action Complaint For Failure to Pay Wages and Overtime Wages filed in this Litigation and all claims contained therein are dismissed in their entirety with prejudice as to all Class Members other than those listed in Exhibit A to the Final Judgment.

19.     By operation of the entry of this Order and the Final Judgment, all Released Claims are fully, finally and forever released, relinquished and discharged pursuant to the terms of the release set forth in Sections 5.1 and 5.2 of the Agreement as to all Class Members other than those listed in Exhibit A to the Final Judgment.

20.     The Parties entered into the Agreement solely for the purpose of compromising and settling disputed claims.  Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and the Class, individually or collectively, all such liability being expressly denied by Defendants.

21.     The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

DATED: ___6/9/16___                    _____
                                       Hon. Ramon E. Reyes, Jr.
                                       United States Magistrate Judge

-5-